# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRIAN L. ANDERSON,**

       **Petitioner,**

**v.**

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

       **Respondent.**

Case No. 2:22-CV-2082
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Caroline H. Gentry**

## OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (ECF No. 6) to the Magistrate Judge's Report and Recommendation (ECF No. 5). For the reasons set forth below, the Court **OVERRULES** Petitioner's Objection, **GRANTS** Petitioner's Motion for Leave (ECF No. 4), and **DISMISSES WITHOUT PREJUDICE** this case.

## I.

Petitioner, an inmate in state custody at the Noble Correctional Institution, filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) in connection with a petition for a writ of habeas corpus. (ECF No. 1). The Magistrate Judge granted the request to proceed *in forma pauperis* and, in that same order, informed Petitioner that his habeas petition appeared to be subject to dismissal without prejudice because he had not exhausted his available state-court remedies prior to filing this action. *Id*. at 1.

As the Magistrate Judge noted, this Court may *sua sponte* consider exhaustion. *See Eakes v. Sexton*, 592 F. App'x. 422, 430-31 (6th Cir. 2014) (noting that the court may raise non-exhaustion

*sua sponte*); *Allen v. Perini,* 424 F.2d 134, 138-39 (6th Cir. 1970)) ("The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts."). *See also Hargrove v. Warden, Lebanon Corr. Inst.*, No. 1:16-1011, 2017 WL 3475684, at *4 (S.D. Ohio Aug. 11, 2017) (Report and Recommendation), *adopted*, 2018 WL 1007510 (S.D. Ohio Feb. 22, 2018). In response to this Order, Petitioner filed a "Request for Leave," which the Court construed as a motion to dismiss without prejudice so that exhaustion could be completed. (ECF No. 4.)

The Magistrate Judge then issued her Report and Recommendation in which she recommended that Petitioner's Request for Leave be granted, the Petition for a Writ of Habeas Corpus be dismissed without prejudice, and that no certificate of appealability should issue. (ECF No. 5.)

## II.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

The Magistrate Judge then properly found that the Petitioner failed to exhaust his administrative remedies:

> Petitioner in this case challenges his 2022 convictions and sentence in Monroe County Court of Common Pleas Case Nos. CR 2021-243 & 2021-270. (*See* Doc. 3 at PageID 26). Petitioner indicates that he was sentenced on January 31, 2022. Based on the documents submitted to the Court and review of the Monroe County Clerk of Court online docket records, it appears that petitioner filed a direct appeal to the Ohio Court of Appeals on February 22, 2022 in Case No. CA 2022-001. The appeal remains pending.
>
> [Noting]
>
> Viewed at https://www.monroecountyohio.com/government/clerk_of_courts/ index.php, Public Records Search under Case No. 2021-243, 2021-270, and 2022-001. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v.Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

(ECF No. 5 at 3, n2.)

In his Objection, Petitioner contends that his Request for Leave was misconstrued as a request to exhaust. He believes that because many of the motions he presented to the trial court were ignored he is unlikely to receive any relief from the appeal that is currently before the state appellate court. Even if it is true that there were mistakes made by the trial judge, that is what an appeal is for—not a habeas petition. The law is clear that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.*" See supra, O'Sullivan,* 526 U.S. at 842.

Accordingly, because Petitioner has not completed the direct appeal of his convictions and sentence, Petitioner's request for leave to exhaust his state court remedies will be

3

granted and the petition will be dismissed without prejudice. As the Magistrate Judge correctly explained, a stay of the case while Petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition. *See, e.g., Smith v. Warden*, No. 1:20-cv-994, 2021 WL 3487489, at n.5 (S.D. Ohio Aug. 9, 2021) (Report & Recommendation), *adopted,* 2021 WL 3883890 (S.D. Ohio Aug. 31, 2021); *Pruitt v. Ohio,* No. 1:10-cv-313, 2010 WL 2607246, at *3 & n.2 (S.D. Ohio May 19, 2010) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010); *Mingo v. Michigan*, No. 1:06-cv-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006).

### III.

The Magistrate Judge also properly found that a certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

### IV.

For the reasons set forth above and in both of the well-reasoned and correct decisions from the Magistrate Judge, the Court **OVERRULES** Petitioner's Objection (ECF No. 6), **ADOPTS** the Report and Recommendation (ECF No. 5), **GRANTS** Petitioner's Motion for Leave (ECF No. 4), and **DISMISSES WITHOUT PREJUDICE** this case.

Also, for the reasons set forth by the Magistrate Judge, this Court finds that an appeal of any Order would not be taken in "good faith," and therefore any request to proceed in forma pauperis will be **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**2/8/2023**                                                                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                                 **EDMUND A. SARGUS, JR.**
                                                                                                              **UNITED STATES DISTRICT JUDGE**